UNITED STATES of America, Appellant,

v.

Ricky Lee HARRINGTON, Thomas Glower Hamilton, Appellees.

No. 91–1470.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1991.

Decided Dec. 9, 1991.

Ronald M. Kaysey, Des Moines, Iowa, argued and on brief, for appellant.

Bruce L. Cook, Des Moines, Iowa, argued, for appellees.

Before McMILLIAN, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

Ricky L. Harrington and Thomas G. Hamilton were indicted for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 and knowing and intentional possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The government appeals the district court's order compelling disclosure of the confidential informant used by police in securing a search warrant. We vacate and remand.

## I. BACKGROUND

From April 1990 to December 1990, law enforcement officials used a confidential informant to make controlled buys of crack cocaine from occupants of an apartment in Des Moines, Iowa. Based upon the information supplied by the informant, the police obtained a search warrant for the apartment on December 7, 1990. During the search of the apartment, police seized crack cocaine and arrested the defendants. The defendants filed motions to suppress the evidence seized pursuant to the search warrant and to disclose the identity of the informant. Although the court denied the motion to suppress, it granted the motion to disclose the informant's identity. The government objected to disclosure and asked the court to conduct an *in camera* interview of the informant prior to making a final determination. The government also dismissed the conspiracy charges against the defendants. At the second hearing, the court denied the government's request that it interview the informant *in camera* and dismissed the indictment based upon the government's refusal to disclose the informant's identity.

## II. DISCUSSION

The standard of review of a pretrial ruling compelling disclosure of an informant's identity is abuse of discretion. *United States v. Johnson*, 886 F.2d 1120, 1122 (9th Cir.1989), *cert. denied*, 494 U.S. 1089, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990). The defendant bears the burden of demonstrating the need for disclosure, *id.*, and the court must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants. *Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* Where, however, disclosure is necessary to insure a fair trial or is relevant and helpful to the defense theory of the case, the privilege of nondisclosure is eroded. *Id.* at 60–61, 77 S.Ct. at 627–28.

Because there is no litmus test to determine when disclosure is justifiable, courts must consider the "particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62, 77 S.Ct. at 629. Ultimately, "one of the most relevant factors to be weighed by the court [in determining whether to order disclosure] is whether or not the evidence is *material* to the accused's defense or a fair determination of the cause." *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir.1973) (emphasis in original). A trial court abuses its discretion if it orders disclosure absent a showing of materiality. *United States v. Grisham*, 748 F.2d 460, 463 (8th Cir.1984). In order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case. *Id.* at 464.

■ "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Parker*, 836 F.2d 1080, 1083 (8th Cir.1987), *cert. denied*, 486 U.S. 1025, 108 S.Ct. 2002, 100 L.Ed.2d 233 (1988) (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985)). In cases involving "tipsters" who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required. *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir.1987).

The defendants argue that disclosure is necessary for two reasons. First, the defendants argue that disclosure would afford defense counsel an opportunity to interview the informant, thus possibly giving rise to evidence that supports the defense theory that the defendants were not the individuals in possession of the crack cocaine. Second, the defendants rely upon the same reasoning to suggest that disclosure is necessary to insure a fair trial.

■ We disagree. In balancing the government's privilege to withhold the informant's identity against the defendant's right to a fair trial, we hold that disclosure in this case is not vital to a fair trial because the informant's testimony would not further any legitimate interests of the defendants. This case involved the use of a confidential informant, a "tipster," who alerted police that the defendants were offering crack cocaine for sale. Although the informant made controlled buys from the apartment and observed the cocaine one day prior to the warrant's execution, the informant neither witnessed nor participated in the search of the apartment. Furthermore, following the dismissal of Count I, the defendants were no longer charged with conspiracy to sell cocaine, but with possession with intent to distribute. The government indicated that it did not intend to call the informant to testify about any purchases made at the apartment; the arrests were based solely on quantities of cocaine found in the apartment at the time of the execution of the search warrant. *See Bourbon*, 819 F.2d at 860; *United States v. House*, 604 F.2d 1135, 1140 (8th Cir.1979) *cert. denied*, 445 U.S. 931, 100 S.Ct. 1320, 63 L.Ed.2d 764 (1980). Because the informant could not offer any evidence bearing on the possession charges against the defendants, disclosure of the informant's identity would not aid in insuring the defendants' a fair trial. The defendants here have not met their burden of demonstrating the need for disclosure. *Johnson*, 886 F.2d at 1122.

## III. CONCLUSION

We conclude the district court abused its discretion in ordering the disclosure of the identity of the confidential informant and we therefore vacate the order and remand the case for reinstatement of the indictment and further proceedings consistent with this opinion.