60 F.3d 831
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
JONES OIL COMPANY, Appellant.
 No. 94-3191
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 5, 1995.
Filed: July 12, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jones Oil Company appeals the district court's[1] denial of its motion for disclosure of the identities of confidential informants and complete disclosure of the contents of an affidavit. We affirm.
 
 
 2
 As part of an Internal Revenue Service (IRS) tax investigation of Terry and Patricia Jones and various business entities they owned (including Jones Oil), see Jones v. United States, 16 F.3d 979, 980 (8th Cir. 1994), the district court issued a search warrant for the business offices of Jones Oil based on the probable-cause affidavit of IRS Special Agent Steven L. Tinsley. The affidavit depended in large part on information obtained from confidential informants. Because of the need for confidentiality, the affidavit was sealed and Jones Oil was denied access to it.
 
 
 3
 Jones Oil subsequently filed a civil suit against the United States and certain individual agents, alleging, inter alia, that Tinsley had knowingly or recklessly included false information in his affidavit. To facilitate proving this claim, Jones Oil moved the district court to unseal Tinsley's affidavit. The district court allowed Jones Oil to receive the affidavit after it had been redacted so as not to reveal the identity of any confidential informant.
 
 
 4
 Jones Oil then moved for disclosure of the confidential informants' identities, and release of the unredacted Tinsley affidavit. After holding an in camera hearing, the district court denied the motion. Citing Roviaro v. United States, 353 U.S. 53 (1957), and United States v. Harrington, 951 F.2d 876 (8th Cir. 1991), the court concluded that Jones Oil had not met its burden of proving that disclosure of the evidence was material to its case. The court also sustained the government's objection to Jones Oil's attempt to introduce Tinsley's unfinished deposition at the hearing. This appeal followed.
 
 
 5
 We conclude the district court did not abuse its discretion in refusing to release the unredacted affidavit or otherwise disclose the identities of the confidential informants. See Harrington, 951 F.2d at 877 (standard of review). Jones Oil did not meet its burden to justify disclosure: it only speculated as to what the informants would testify if identified, and did not show that their testimony would be material to the determination of its civil suit. Cf. id. at 877-78 (criminal defendant bears burden of justifying disclosure by establishing materiality of evidence beyond mere speculation; evidence is material only if it has reasonable probability of affecting outcome of proceeding).
 
 
 6
 We also conclude that the district court did not abuse its discretion in not considering Tinsley's unfinished deposition. See United States v. Frayer, 9 F.3d 1367, 1373 (8th Cir.) (standard of review), cert. denied, 115 S. Ct. 77 (1994).
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska