**UNITED STATES of America, Plaintiff,**

**v.**

**Mary Ann ROUNSAVALL, Defendant.**

**No. 4:CR94–3034.**

United States District Court,
D. Nebraska.

July 24, 1995.

---

and substantially amended the original indictment.

## I.

In the original indictment (Filing 1), which was filed August 18, 1994, the government alleged in ten substantive [1] counts the following:

(1) a 21 U.S.C. § 846 methamphetamine conspiracy "between March 27, 1990, and December 1, 1993" (Count I);

(2) seven money laundering counts alleging that the transactions were intended to "promote the carrying on of a conspiracy" involving methamphetamine, with the dates of the various transactions being between August 20, 1989 and September 15, 1989 (Counts II–VIII); and,

(3) two *Pinkerton* counts of methamphetamine distribution explicitly alleged to have been committed in furtherance of the conspiracy alleged in Count I, one distribution taking place on July 20, 1990, and the other taking place on July 28, 1990 (Counts IX and X).

Mark W. Bubak, Green, Bubak Law Firm, Omaha, NE, Martin J. Kushner, Kushner Law Office, Omaha, NE, for defendant.

Bruce W. Gillan, United States Attorney's Office, Omaha, NE, for the U.S.

## MEMORANDUM AND ORDER

KOPF, District Judge.

Acting upon Mary Ann Rounsavall's (Rounsavall) motion (Filing 53), Magistrate Judge Piester recommends (Filing 56) that I dismiss Counts II–VIII of the superseding indictment (Filing 40) because those counts are barred by the five year statute of limitations.

After a de novo review of the recommendation and the government's objection (Filing 60), I find and conclude that Judge Piester was correct and Counts II–VIII of the superseding indictment should be dismissed. This action is required because the superseding indictment was filed after the statute of limitations expired and because the filing of the original indictment did not toll the statute of limitations inasmuch as the superseding indictment both materially broadened

Rounsavall filed a motion to dismiss alleging that she had pled guilty to and had been convicted of a substantive federal methamphetamine charge. (Filing 20). In fact, she pleaded guilty on March 26, 1990, the day before the conspiracy alleged in Count I was alleged to have begun. (Govt's Br. in Opp. to the Def's Plea in Bar at 1) ("The Defendant pled guilty to Count IV of the [other] Indictment on March 26, 1990."). In addition Rounsavall claimed, and the government agreed, that she had previously been charged with a federal methamphetamine conspiracy as a part of the indictment alleging the substantive offense to which she had earlier pled guilty. This conspiracy charge had been dismissed when she pled guilty to the substantive offense. (*Id.*)

Therefore, on "double jeopardy" grounds, Rounsavall argued that her earlier plea to the substantive drug charge barred prosecution for the drug conspiracy charged in this case. She claimed that this was the case because the earlier indictment had also al-

1. There was one forfeiture count which is not material to the discussion in the text.

leged a conspiracy which was similar, except for the dates, to the conspiracy which was alleged in this case.

Judge Piester recommended denial of the motion to dismiss on double jeopardy grounds. (Filing 22). On February 8, 1995, I agreed, reasoning that if the earlier conspiracy was the same as the one alleged in this case, the "double jeopardy" provisions of the Constitution did not apply since the defendant had entered a plea to a substantive distribution charge and not the conspiracy charge. Since there are material differences between the two charges—distribution and conspiracy—the plea to the former would not bar prosecution of the latter because jeopardy never attached to the conspiracy charge. (Filing 27).

However, I noted that I was troubled by the indictment because of the ambiguous nature of the pleading. I observed that the methamphetamine conspiracy in Count I was alleged to have started *after* the money laundering transactions alleged as being in furtherance of a methamphetamine conspiracy set forth in Counts II–VIII. (Filing 27 at 2–3). This put the government on the horns of a dilemma in my view.

On the one hand, if there was but one methamphetamine conspiracy alleged in the indictment and that conspiracy was the one alleged in Count I, then Counts II–VIII were presumably invalid since the conspiracy was alleged to have started more than five months *after* the allegations of Counts II–VII and these money laundering allegations required proof of a methamphetamine conspiracy. (*Id.*). In other words, Defendant could not as a matter of law be guilty of Counts II–VIII since those acts took place more than five months *before* the conspiracy had formed, and existence of the conspiracy was an essential element of the Count II–VIII allegations. On the other hand, if there were two conspiracies as the indictment *literally* seemed to indicate—the Count I methamphetamine conspiracy and a different methamphetamine conspiracy giving rise to Counts II through VIII—then there were potentially serious misjoinder problems. (*Id.* at 2). Because of this concern, "I urge[d] the government to give serious consideration" to

the problem as I intended, "subject to the proper application of the law, to hold the government to its indictment." , (*Id.* at 3).

On March 16, 1995, in apparent response to these concerns, the government filed a superseding indictment. (Filing 40). In the superseding indictment two changes were made to the previous indictment: (1) Count I was enlarged to allege the conspiracy extended between January 1, 1986 and December 1, 1994, and, (2) Counts II–VIII were explicitly alleged to have been done in furtherance of the conspiracy alleged in Count I. (*Id.* at 1–2). Otherwise, the superseding indictment was the same as the original indictment.

Because the superseding indictment was filed on March 16, 1995, more than five years after the dates alleged in Counts II through VIII of both the original and superseding indictments (August 20, 1989, through September 15, 1989), the Defendant moved to dismiss claiming that the five year statute of limitation (*see* 18 U.S.C. § 3282) had expired before the superseding indictment had been filed. (Filing 53).

## II.

As Judge Selya observed in a similar case, "[t]his appeal raises an interesting question: Do charges in a superseding indictment relate back to the filing date of the original indictment for limitations purposes?" *United States v. O'Bryant*, 998 F.2d 21, 23 (1st Cir.1993) (holding that superseding indictment that *reduced* the time period of the conspiracy and otherwise clarified the mechanics of the conspiracy neither materially broadened nor substantially amended the prior indictment and thus the superseding indictment related back). *See also United States v. Davis*, 953 F.2d 1482, 1490–92 (10th Cir.), *cert. denied*, 504 U.S. 945, 112 S.Ct. 2286, 119 L.Ed.2d 210 (1992) (holding that (a) where wire fraud counts were alleged to be in furtherance of a conspiracy in timely filed first indictment as well as in superseding indictment, and (b) where superseding indictment merely added a defendant to the conspiracy count and "slightly different" objects of the conspiracy, then (c) statute of limitations would not bar the wire fraud counts when superseding indictment was filed more

than 5 years after wire fraud was alleged to have occurred since first indictment tolled the statute).

As Judge Piester recognized (*see* Filing 56 at 4–5), the question is whether the first indictment put the defendant on "fair notice" of the charges outlined in the superseding indictment. *O'Bryant*, 998 F.2d at 25. If the first indictment did not put the defendant on fair notice of what she was subsequently charged with, then the indictment does not relate back and the otherwise time-barred counts must be dismissed.

■ I agree with Judge Piester that the first indictment in this case *did not* give the defendant fair notice that she would have to face Counts II–VIII as being in furtherance of the methamphetamine conspiracy alleged in Count I of the first indictment since that conspiracy was not formed, according to the indictment, until five months *after* the conspiracy mentioned in Counts II–VIII. Given a plain reading of the first indictment the Defendant had every right and every reason to believe that Counts II–VIII were *unrelated* to Count I since the conspiracy alleged in Count I *specifically postdated by more than five months* the acts in furtherance of the conspiracy alleged in Counts II–VIII.

In turn, when the government broadened and extended Count I *by five years* and amended Counts II–VIII to explicitly include Counts II–VIII as being in furtherance of Count I, the government both materially broadened Count I (by adding five years and seven substantive crimes as being in furtherance of this conspiracy) and substantially amended Count II–VIII (by changing the allegations of the indictment from a presumably separate *uncharged* conspiracy existing *prior* to the formation of the conspiracy alleged in Count I to a *charged* conspiracy).

There are additional reasons why dismissal is especially appropriate. I turn to those reasons next.

In terms of Counts II–VIII, the government waited until the very last minute to file the original indictment. It is likely that the government was long aware of Rounsavall's illegal activities regarding Counts II–VIII inasmuch as Rounsavall pled guilty to a substantive federal methamphetamine charge on March 26, 1990, at which time the government also dismissed a conspiracy charge—this plea took place the day before the conspiracy alleged in Count I of the original indictment in this case was alleged to have begun. Indeed, the original indictment was filed August 18, 1994. Thus, the statute of limitations would have run on Count II within three days of the filing of the indictment and it would have run on Counts III through VIII in less than thirty days. (*See* Filing 1 at 2).

Moreover, by drawing the original indictment in a way which rendered Counts II–VIII unspecific as to what conspiracy the acts in Counts II–VIII were in furtherance of, and by alleging that the Count I conspiracy began the *day after* Rounsavall plead guilty to a methamphetamine distribution charge, it seems likely that the government was trying to gain a tactical advantage. By alleging that Count I began *after* Rounsavall's plea of guilty the government trumped the defense that her plea of guilty amounted to a withdrawal from the conspiracy. On the other hand, by leaving Counts II–VIII unspecific about what conspiracy was involved, the government was able to prosecute Rounsavall for conspiratorial acts in Counts II–VIII which *predated* her plea.

In sum, it appears that the government: (1) waited until the last moment to prosecute Rounsavall on Counts II–VIII despite knowing of her activity, and (2) drafted an unspecific indictment to gain a tactical advantage. While it may not be appropriate to fault the government for its tactics, the government, and not the defendant, should bear the statute of limitations risks associated with those tactics.

Accordingly,

IT IS ORDERED that:

1. Rounsavall's motion (Filing 53) is granted, Magistrate Judge Piester report and recommendation (Filing 56) is adopted, and the government's objection (Filing 60) is denied;

2. Counts II–VIII of the superseding indictment (Filing 40) are dismissed.

## MEMORANDUM, ORDER and RECOMMENDATION

PIESTER, United States Magistrate Judge.

Defendant Mary Ann Rounsavall ("defendant") has filed a motion to dismiss (or in the alternative sever) Counts II through VIII of the Superseding Indictment (Filing 53), as well as a motion to disclose the identity of a confidential informant. (Filing 52.) For the reasons discussed more fully below, I shall grant the motion to disclose and recommend that the motion to dismiss be granted.

### Motion to Dismiss/Sever

Defendant requests dismissal of Counts II–VIII of the superseding indictment, or in the alternative severance of those counts from the others. (*See* Filing 53.) Count I of the original indictment (filing 1), filed August 18, 1994, charged defendant with conspiring with several other persons to distribute methamphetamine between the dates of March 27, 1990 and December 1, 1993. (*See* Filing 1, at 1.) Counts II–VIII of the original indictment charged defendant with seven separate counts of money laundering based on seven separate transactions between August 20, 1989 and September 15, 1989. Counts II–VIII alleged that each of the separate financial transactions "involved proceeds from ... a conspiracy to distribute and possess, with intent to distribute, methamphetamine...." and that at the time defendant "knew that the property involved in each transaction was the proceeds of some form of unlawful activity, and intended each transaction to promote the carrying on of a conspiracy to distribute and possess, with intent to distribute, methamphetamine." (Filing 2, at 2.) The original indictment did not clarify, however, whether the conspiracy referred to in Counts II–VIII was the same as that charged in Count I, or a separate conspiracy. As Judge Kopf recognized in filing 27, the indictment thus raised several questions:

> If, as the indictment alleges, the drug conspiracy *started* on the date alleged in count I, how could the financial transactions alleged in counts II–VIII be in furtherance of that conspiracy when the date alleged therein predate the conspiracy.

> If the conspiracy set forth in counts II–VIII is a different conspiracy that mentioned in count I, is joinder of counts I, IX, X and XI with counts II–VIII proper?

> •    •    •    •    •

> If the first date alleged in the indictment in count I is not the date the conspiracy started, should the government be permitted to prove that the conspiracy alleged in count I started *before* the date alleged in the indictment.

(Filing 27, at 2–3.)

The superseding indictment (filing 40) was filed March 16, 1995. Count I of the superseding indictment is the same as that of the original indictment with the important exception of moving back the starting date of the conspiracy to January 1, 1986 (rather than March 27, 1990) and extending its conclusion to December 1, 1994 (rather than December 1, 1993.) (*See* Filing 40, at 1.) Counts II–VIII are similarly worded as well, with the important clarification that the conspiracy with which the individual money laundering transactions were ·"involved" is that "set out in Count I of this Indictment." (*Id.* at 2.)

Defendant argues that Counts II–VIII of the superseding indictment should be dismissed because they are barred by the five–year statute of limitations specified in 18 U.S.C. § 3282, which provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3282. Defendant acknowledges that Counts II–VIII would be timely if the *original* indictment provides the relevant date of filing. Defendant argues, however, that the date of the filing of the *superseding* indictment is the proper point of reference because it "in essence, constitutes new charges against the Defendant" since it "substantially changes the nature of the charges in that it brings the dates [of the individual money laundering transactions] potentially within that covered in the conspiracy in

Count I." (Defendant's Brief, at 3.) If the date of filing of the superseding indictment provides the relevant date of filing, the money laundering counts would be time-barred.

The government argues that the superseding indictment did nothing more than "slightly narrow[ ]" Counts II–VIII "in that the conspiracy from which the proceeds were alleged to have come was specified as that which is set out in Count I of the Superseding Indictment." (Plaintiff's Brief, at 1.) Relying on *United States v. Grady*, 544 F.2d 598 (2nd Cir.1976), plaintiff argues that the proper date for assessing the relevant five-year period is that of the original indictment, since that indictment tolled the running of the statute as to the superseding indictment:

> Once an indictment is brought, the statute of limitations is tolled as to the charges contained in that indictment. This is a sensible application of the policies underlying statutes of limitations. The defendants are put on timely notice, because of the pendency of an indictment, filed within the statutory time frame, that they will be called to account for their activities and should prepare a defense. The statute begins to run again on those charges only if the indictment is dismissed, and the Government must then reindict before the statute runs out or within six months, whichever is later, in order not to be time-barred. Since the statute stops running with the bringing of the first indictment, a superseding indictment brought at any time while the first indictment is still validly pending, if and only if it does not broaden the charges made in the first indictment, cannot be barred by the statute of limitations.

(Plaintiff's Brief, at 1–2 (quoting *Grady*, 544 F.2d at 601–02) (footnotes and citations omitted)); *see United States v. Oliva*, 46 F.3d 320, 324 (3rd Cir.1995) (where superseding indictment filed, the day on which the original indictment was filed controls for statute of limitation purposes, provided that the superseding indictment "does not materially broaden or substantially amend the charges in the first"); *United States v. O'Bryant*, 998 F.2d 21, 23 (1st Cir.1993) ("a superseding indictment which supplants a timely-filed in-

dictment, still pending, is itself to be regarded as timely vis-a-vis a given defendant so long as it neither materially broadens nor substantially amends the charges against the defendant") (collecting cases); *cf. United States v. Italiano*, 894 F.2d 1280, 1285 (11th Cir.), *cert. denied*, 498 U.S. 896, 111 S.Ct. 246, 112 L.Ed.2d 205 (1990) (original indictment controls for statute of limitation purposes where both indictments involve "approximately the same facts"). "[S]o long as a strong chain of continuity links the earlier and later charges," the superseding indictment relates back to the filing date of the original indictment. *O'Bryant*, 998 F.2d at 23.

Thus, the question is whether Counts II–VIII of the superseding indictment "materially broadened" or "substantially amended" those charged in the original indictment. As one district court has characterized the analysis:

> What is required of the Court when conducting a comparative analysis of two indictments is a meticulous perusal of the documents while remaining mindful of the "judicial policy favoring repose in close cases." *United States v. Marion*, 404 U.S. 307, 322 n. 14, 92 S.Ct. 455, 464 n. 14, 30 L.Ed.2d 468 (1971). While repose is favored, it is not automatic. Amendments of form as opposed to substance are permissible, as are those which may be characterized as "trivial, useless, [ ] or innocuous." *Stirone v. United States*, 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960); *see Russell v. United States*, 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962). So long as the defendants may be said to have been put on notice of the criminal acts they are alleged to have committed in order to allow them to prepare adequately a defense to the same, the protective purposes of the criminal statute of limitations will have been served.

*United States v. Frequency Electronics*, 862 F.Supp. 834, 844 (E.D.N.Y.1994). Notice to the defendant is the touchstone of this analysis:

> Notice to the defendant is the central policy underlying the limitations doctrine. *United States v. Italiano*, 894 F.2d 1280,

1282 (11th Cir.1990); *United States v. Gengo,* 808 F.2d 1, 3 (2d Cir.1986). Similarly, notice is the touchstone in deciding whether a superseding indictment substantially changes the original charges. *Gengo,* 808 F.2d at 3. A timely, pending indictment serves this purpose by apprising the defendants "that they will be called to account for their activities and should prepare a defense." *Grady,* 544 F.2d at 601. *See United States v. Marion,* 404 U.S. 307, 322–23 & n. 14, 92 S.Ct. 455, 464–65 & n. 14, 30 L.Ed.2d 468 (1971) and *Toussie v. United States,* 397 U.S. 112, 114–15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970). If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him. That is, he knows that he will be called to account for certain activities and should prepare a defense. *Italiano,* 894 F.2d at 1283.

*United States v. Schmick,* 904 F.2d 936, 940 (5th Cir.1990), *cert. denied,* 498 U.S. 1067, 111 S.Ct. 782, 112 L.Ed.2d 845 (1991).

Plaintiff would argue that the superseding indictment merely specifies the obvious: that the "unlawful activity" required by the statute[1] and generically identified in Counts II–VIII of the original indictment was the methamphetamine conspiracy alleged in Count I of the original indictment. This might be a plausible argument but for the amendment of the dates of the Count I conspiracy in the superseding indictment. The original indictment specified that the Count I conspiracy ran from March 27, 1990 to December 1, 1993. (*See* Filing 1, at 1.) Yet the individual money laundering transactions of Counts II–VIII were alleged to have occurred between August 20, 1989 and September 15, 1989—over six months earlier.

The superseding indictment now makes clear that the methamphetamine conspiracy alleged in Counts II–VIII is the same as that alleged in Count I, and the dates of the Count I conspiracy have been modified to be chronologically consistent with that view. While plaintiff may believe that defendant must have known that the methamphetamine conspiracies of Counts II–VIII and Count I were one and the same from the original indictment, that reading is not so obvious to me, nor was it obvious to Judge Kopf, as noted above. If the underlying conspiracy was the same as that alleged in Count I, why wasn't that important fact stated clearly (as in the superseding indictment), and why wasn't the specified time frame of the Count I conspiracy inclusive of the individual laundering transaction dates (also as in the superseding indictment) when the statute requires that a transaction occur with the "intent to promote the carrying on of specified unlawful activity." 18 U.S.C. § 1956(a)(1)(A)(i)? Contrary to plaintiff's requested inference, the original indictment simply did not tie the allegations of money laundering to the conspiracy count, nor was Mary Jean Whitefoot listed as one of alleged co-conspirators in the conspiracy count so as to arguably suggest that the alleged conspiracy was behind the alleged money laundering.

The discrepancy is particularly relevant in this case, because defendant was previously convicted in the District of South Dakota for Conspiracy to Possess with Intent to Deliver Methamphetamine. While that indictment is not before me, court records in this case indicate that defendant was arrested on that

---

1. The statute provides:
   (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—
   (A)(i) with the intent to promote the carrying on of specified unlawful activity;

   .      .      .      .      .

   shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is great-

   er, or imprisonment for not more than twenty years, or both.
   18 U.S.C. § 1956(a)(1)(A)(i). To prove a violation of this section, the government must show: (1) that the defendant conducted a financial transaction which involved the proceeds of unlawful activity; (2) that defendant knew that the property involved in the transaction was proceeds of some form of specified unlawful activity; and (3) that defendant "intend[ed] to promote the carrying on of specified unlawful activity...." *United States v. Cruz,* 993 F.2d 164, 167 (8th Cir.1993).

charge December 6, 1989. Hence, the alleged dates of the conspiracy here take on an added significance in apprising the defendant of the parameters of the offense with which she is charged. While the first indictment could quite plausibly—and reasonably—be read as alleging the money laundering to have been in furtherance of the South Dakota conspiracy, the superseding indictment quite clearly alleges that the money laundering furthered the conspiracy "set out in Count I of this Indictment." Given the defendant's conviction in South Dakota, this amendment appears to represent a major shift in the underlying basis for Counts II–VIII. In these circumstances it is not reasonable to declare that the original indictment placed defendant on notice that she should be preparing her defenses for the crimes alleged in Counts II–VIII of the superseding indictment.

Although the question is a close one, I believe the superseding indictment "materially broadens" or "substantially amends" the original indictment, *Oliva* and *O'Bryant, supra,* such that the original indictment did not toll the five-year limitation period as to Counts II–VIII. *Cf. United States v. O'Neill,* 463 F.Supp. 1205, 1207–8 (E.D.Pa. 1979) (where timely original indictment alleged a single fraudulent misrepresentation with respect to a single transaction, superseding indictment charging a different misrepresentation, albeit concerning the same transaction, would not be tolled). Counts II–VIII of the superseding indictment are therefore time-barred, and I shall recommend they be dismissed.

### Motion to Disclose

■ Defendant has also filed a motion to disclose the identity of a confidential informant. (Filing 52.) Presumably the government opposes such disclosure, but no brief in opposition has been received. In *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court set forth a balancing test to be used when determining whether to order the government to disclose the identity of a confidential informer. Under *Roviaro,* courts are to weigh the defendant's right to prepare his or her defense against the government's privilege to withhold the identity of its informers. *See United States v. Harrington,* 951 F.2d 876 (8th Cir.1991) (citing *Roviaro,* 353 U.S. at 59, 77 S.Ct. at 627). The purpose of this privilege

> is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

*Id.* at 877 (quoting *Roviaro,* 353 U.S. at 59, 77 S.Ct. at 627.) However, the government's privilege of nondisclosure will be outweighed in cases where the informer's identity is either essential to a fair trial or material and helpful to the defense theory of the case. *See id.* (citing *Roviaro,* 353 U.S. at 60–61, 77 S.Ct. at 627–28).

■ While "there is no litmus test to determine when disclosure is justifiable," *id.* at 877, " 'one of the most relevant factors to be weighed by the court ... is whether or not the evidence is material to the accused's defense or a fair determination of the cause.' " *Id.* (quoting *United States v. Barnes,* 486 F.2d 776, 778 (8th Cir.1973)); *cf. United States v. Pressley,* 978 F.2d 1026, 1028 (8th Cir.1992); *United States v. Sykes,* 977 F.2d 1242, 1245 (8th Cir.1992) (citing *United States v. Johnson,* 892 F.2d 707, 710 (8th Cir.1989)). Because the Eighth Circuit has recognized as "material" to the defense the identity of informers who either witness or participate in the offense, *cf. United States v. Harrington,* 951 F.2d at 878; *United States v. Bourbon,* 819 F.2d 856, 860 (8th Cir.1987); *United States v. Barnes,* 486 F.2d 776, 778–79 (8th Cir.1973), I am persuaded that, in this instance, the balance weighs in favor of limited disclosure. The informant here was not merely a "tipster" conveying information, *Harrington* and *Bourbon, supra,* but instead witnessed unlawful acts. (*See* Defendant's Addendum, Memorandum of Interview, at ¶¶ 5–6.) Moreover, the government has made no showing that disclosure would endanger the informant or undermine other law enforcement activities. Accordingly, I shall order that the government disclose to defen-

dant, as soon as practicable, the identity of informant P47302.

**IT THEREFORE HEREBY IS OR-DERED** that defendant's motion for disclosure (filing 14) is granted, and the government shall disclose to defendant, as soon as practicable, the identity of informant P47302.

**FURTHER, IT HEREBY IS RECOM-MENDED** to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), that defendant's motion to dismiss (filing 53) be granted with respect to Counts II–VIII of the superseding indictment.

The parties are notified that unless objection is made within ten days after being served with a copy of this recommendation, they may be held to have waived any right they may have to appeal the court's order adopting this recommendation.

Dated June 15, 1995.