**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2055
_____

United States of America,    *
             *
    Appellee,   *
             *
  v.         *
             *
David Lester Fairchild,    *
             *
    Appellant.  *

Appeals from the United States
District Court for the
Northern District of Iowa.

_____

No. 96-2177
_____

United States of America,    *
             *
    Appellee,   *
             *
  v.         *
             *
Kirk Allen Pierce,     *
             *
    Appellant.  *

_____

No. 96-2138
_____


United States of America,                          *
                                                   *
                        Appellee,                  *
                                                   *
            v.                                     *
                                                   *
James Lee Leisinger, also known                    *
as "Crazy",                                        *
                                                   *
                        Appellant.                 *


_____

                    Submitted:  January 15, 1997
                         Filed:  August 13, 1997
_____

Before LOKEN, BRIGHT and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____


BRIGHT, Circuit Judge.

        Appellants, members of the Sons of Silence motorcycle gang, were convicted on
RICO and drug charges and sentenced to lengthy prison terms.  Appellants filed
separate briefs on appeal.  In addition to challenging the sufficiency of the evidence,
they also raise the following arguments:  (1) the district court erred by failing to
conduct a hearing on wiretap issues pursuant to Franks v. Delaware, 438 U.S. 154,

155-156 (1978);  (2) the district court erred by not requiring the government to identify its confidential informants;  (3) the district court erred by admitting evidence of prior bad acts;  (4) the district court provided improper jury instructions; and (5) a variety of sentencing issues.  We affirm the district court[1] on all of these issues.

## BACKGROUND

David Fairchild, James Leisinger and Kirk Pierce were jointly charged with eleven other defendants[2] in a multi-count indictment on November 18, 1994.  The government subsequently filed a forty-count superseding indictment against these individuals.

Trial began on November 13, 1995, and lasted approximately six weeks.  The government established that appellants were members of the Waterloo/Cedar Falls Sons of Silence (SOS) motorcycle gang during a portion of the time period alleged in the indictment.  The government asserted that SOS is an organization engaged in racketeering and the distribution of drugs, particularly methamphetamine.  The jury returned guilty verdicts against the defendants, though it acquitted Leisinger and Fairchild on some counts.

The district court sentenced Fairchild to 300 months on counts 3 (conspiracy to distribute methamphetamine) and 7 (possession with intent to distribute); 60 months on count 15 (conspiracy to commit money laundering), and 240 months each for counts 1 (commission of a pattern of racketeering activity), 2 (conspiracy to commit

---

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

[2]The others charged in the indictment either pled guilty or became fugitives.

racketeering activity), 6 (aiding and abetting), 16,17,19 and 20 (all money laundering). The district court sentenced Leisinger to 276 months on count 3 and 240 months on count 2. The district court sentenced Pierce to 112 months each on count 1, 2, 3, 11 (tampering with a witness or potential witness), and 29 (violent crime in aid of racketeering activity). All of these terms are to be served concurrently.

Appellants appealed. Due to the extensive factual background, we discuss the essential facts as they are relevant to each issue raised on appeal.

**I.**

During the investigation of the case, the government placed a wiretap on the phone of Jerry VanBrocklin, a member of the Cedar Falls SOS. At trial, the government introduced into evidence tape recorded conversations obtained through this wiretap. Appellants Fairchild and Pierce challenge the denial of Pierce's pre-trial motion seeking the identities of the informants who supported the government's wiretap application.

We review the court's decision to deny Pierce's request for an abuse of discretion. United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). Fairchild did not preserve this issue for appeal, thus we review the court's decision as to him only for plain error. See Fed.R.Crim.P. 52(b). "The defendant bears the burden of demonstrating the need for disclosure, . . . and the court must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." Harrington, 951 F.2d at 877. This privilege may be superseded, however, if disclosure is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, . . ." Roviaro v. United States, 353 U.S. 53, 60-61 (1938). Mere speculation fails to meet this burden. Harrington, 951 F.2d at 877. Neither appellant meets that burden here.

The government provided the identities of two informants expected to testify at trial. The other four informants were not called as witnesses. The district court held an in-camera hearing and concluded that, despite slight discrepancies between statements of some informants, the government did not need to disclose their identities. Appellee's App. at 4. The court noted that "there is significant risk to the health and safety of the informants if their identity is disclosed. Furthermore, . . . their testimony would not be particularly significant on the issue of the suppression of the wiretaps." Id. The government and representatives of the district court were the only parties present at the hearing.

Appellants argue that the district court's recognition that the informants were participants or percipient witnesses to the crime charged (rather than mere tipsters) dictates that disclosure is almost always required. United States v. Barnes, 486 F.2d 776, 778-779 (8th Cir. 1973). The district court considered this factor, however, and determined that the concern for the informants' safety was more compelling. Appellee's App. at 3-4. Indeed, the district court correctly weighed the crime charged, potential defenses, the possible significance of the informers' testimony, and other relevant factors pursuant to Roviaro v. United States, 353 U.S. 53, 60-61 (1957) (establishing balancing test). Fairchild App. Tab 6 at 2-5. The district court did not abuse the limits of its discretion or commit plain error by not requiring disclosure of the identities of the informants.

We also reject the argument that the district court erred by not allowing the appellants to participate at the in-camera hearing or, alternatively, by not providing their attorneys with the informants' identities with the admonition that they not inform their clients. Important policy considerations exist for not allowing defendants or their counsel to attend such hearings. United States v. Grisham, 748 F.2d 460, 464 (8th Cir. 1984). No abuse of discretion exists in denying appellants' request for greater involvement at the in-camera hearing.

## II.

Appellants Fairchild and Pierce next request this court to vacate their convictions because the district court[3] denied them a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 155-156 (1978) to challenge the application of the wiretap order on VanBrocklin's home. The standard of review is for an abuse of discretion, United States v. Hiveley, 61 F.3d 1358, 1360 (8th Cir. 1995), but because Fairchild did not raise this argument before the district court, the standard of review for his claim is plain error. Fed.R.Crim.P. 52(b).

A Franks hearing permits a challenge to the veracity of a search warrant affidavit. Franks v. Delaware, 438 U.S. 154, 155-156 (1978). The defendant must meet two prongs under Franks to be entitled to a hearing. First, the defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, . . ." Id. Second, the allegedly false statement must be necessary to the finding of probable cause. Id. at 156.

At trial, the government relied upon tape recorded conversations involving the appellants and obtained pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520. Application for the wiretap was supported by an affidavit executed by FBI Agent Mark Terra. Prior to trial, Pierce

---

[3]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, decided the motions to suppress evidence obtained via the wiretap of VanBrocklin's home.

challenged the order approving the wiretap and requested a <u>Franks</u> hearing. We have reviewed the district court's thorough examination of this issue and conclude that the district court did not abuse its discretion by denying appellant Pierce's request for a <u>Franks</u> hearing. <u>United States v. Gruber</u>, 908 F.Supp. 1451, 1468-1471 (N.D. Iowa, 1995).

## III.

Appellants Fairchild and Leisinger argue that the district court admitted unduly prejudicial evidence at trial. Specifically, they object to the testimony of three witnesses: Chad Nelson, Kevin Petersen and Mike Hope. In addition, Fairchild objects to the testimony of Officer Richard Smith and Dean Dorman. The trial court's decision on the admission of evidence is reviewed for an abuse of discretion. <u>United States v. Darden</u>, 70 F.3d 507, 1527 (8th Cir. 1995). Any error not brought to the attention of the district court by objection to its admissibility is reviewed only for plain error. Fed.R.Crim.P. 52(b).

Chad Nelson testified that Leisinger held a knife to his throat and pointed a loaded gun at him during an argument. Tr. at 2114. Nelson knew of Leisinger's involvement with SOS, but testified that the dispute was "personal," and pertained to a break in at Leisinger's residence unrelated to SOS issues. <u>Id.</u> at 2123. No contemporaneous objection was made. During a subsequent sidebar, the district court inquired about the relevancy of this testimony and, at that time, Leisinger objected. The court declined to strike the evidence because no contemporaneous objection was made, <u>id.</u> at 2134, however, the court stated its concern that the record would "get totally muddied up with too much stuff that's really very tangential to this case." <u>Id.</u> at 2130. Although Nelson's testimony contained limited relevance, its admission did not amount to either plain error or an abuse of discretion.

Fairchild and Leisinger also object to the testimony of Kevin Petersen and Mike Hope concerning an incident at a club in Iowa. Petersen, the manager of the club, testified that he had a financial dispute with a dancer who was Leisinger's girlfriend. Id. at 2636-38. Leisinger and another individual came into the club and threatened Petersen. Id. at 2639-41. Hope testified that one of the men had a wrench behind his back. Id. at 2679. As the men left the establishment, Leisinger knocked over a table and the other individual lit fireworks. Id. at 2643-44. Petersen testified he felt threatened by these actions and feared that SOS would retaliate against him. Id. at 2658-59.

The government argues this evidence was relevant to the racketeering and other charges because the use of violence and intimidation, and maintaining a reputation for both, was specifically charged in the Manner and Means section for the indictment setting out the methods by which the enterprise operated. This evidence was relevant. No abuse of discretion is shown in the record.

On appeal, Fairchild also objects to the admission of Officer Richard Smith's testimony. Because Fairchild did not object at trial to this testimony, we review only for plain error. Fed.R.Crim.P. 52(b). Officer Smith's testimony focused on a vehicle stop of Leisinger and his companion shortly after the incident at the club. Tr. at 2697-2702. During the stop, Leisinger gave the officer a false name, id. at 2699, and stated that he was a member of SOS. Id. at 2700.

As an initial matter, Officer Smith's testimony did not directly involve Fairchild. In addition, the brief testimony was relevant because the indictment specifically charged purposeful misidentification to law enforcement officers as a method used by SOS members to avoid detection and investigation by police. Furthermore, Leisinger's association with SOS assisted the government in establishing an element of the RICO charge. Accordingly, the district court did not commit plain error by admitting this testimony.

Finally, Fairchild objects to the testimony of former SOS member Dean Dorman. Fairchild did not object to the testimony at trial, so we review it here for plain error. Fed.R.Crim.P. 52(b). Dorman testified concerning his drug involvement with various SOS members as well as a severe beating Dorman received from an SOS member at an SOS meeting. Tr. at 2366-76. The admission of this evidence did not constitute plain error.

## IV.

Appellants Fairchild and Pierce challenge the jury instructions. Fairchild disputes the jury instructions regarding the racketeering counts while Pierce disputes the instructions regarding multiple intent. The district court's instructions will be affirmed "if the charge to the jury fairly and adequately contains the law applicable to the case." Darden, 70 F.3d at 1541.

## A.

Fairchild argues that the district court erroneously instructed the jury on two of the racketeering counts. Fairchild first asserts that Instruction No. 23, which addressed the fifth element to count 1 (commission of a pattern of racketeering activity), failed to require that the pattern of racketeering activity show sufficient "continuity and relationship." The instruction stated that "the defendant's conduct or participation in the affairs of the enterprise was `through a pattern of racketeering activity.'" Appellee's App. at 37. The instruction then stated that the government must prove two acts of racketeering within ten years of one another, and:

> Two, the racketeering acts had the same or similar purposes, goals, results, participants, victims, or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated events, and

    Three, the racketeering acts themselves constitute a threat of continued activity. This threat of continued activity may be established when the evidence shows that the racketeering acts are part of a long-term association that exists for criminal purposes or when the racketeering acts are shown to be part of an ongoing enterprise's regular way of doing business or conducting its affairs.

Id. at 37-38. The district court's instruction adequately instructed the jury regarding "continuity and relationship" and does not constitute plain error. Accordingly, we reject Fairchild's objection to Instruction No. 23.

Fairchild also argues that Instruction No. 26 regarding count 2 (conspiracy to commit racketeering activity) failed to require that each element be proven beyond a reasonable doubt and to set out the elements of that charge properly. The elements for the racketeering conspiracy count are, however, present in Instruction No. 25 where the elements of Count 2 are listed as follows:

    In order for you to find a defendant guilty of County 2, the government must prove each beyond a reasonable doubt each of the following elements:

    First, between about 1979 and 1994, two or more persons reached an agreement or came to an understanding to conduct or participate, directly or indirectly, in the affairs of an enterprise, through a pattern of racketeering activity;

    Second, the enterprise affected interstate commerce;

    Third, the defendant voluntarily joined the agreement or understanding with knowledge of its purpose; and

Fourth, the defendant agreed that someone, not necessarily the defendant, would commit at least one of the racketeering acts detailed in the indictment.

Appellee's App. at 40. Instruction No. 26, when viewed in context with Instruction No. 25, is not improper.

## B.

Pierce contends the district court erred in its instructions to the jury concerning multiple intent for Counts 11 and 29. The government requested and received instructions regarding multiple intent concerning Pierce's assault of Daryl Waters which formed the basis for the obstruction of justice charge set out in Count 11. Count 11 required the evidence to show that Pierce committed the assault with the intent to hinder, delay or prevent communications to a law enforcement officer relating to the commission of federal offenses. Similar language was used in the instructions regarding Count 29, a violent crime in aid of racketeering charge, stemming from the severe beating of VanBrocklin. Count 29 required proof that it was done for the purpose of maintaining or increasing one's position in the enterprise.

Pierce asserts that he lacked the requisite intent or motive to be guilty of these charges. For example, he asserts that his dispute with Waters had nothing to do with SOS business, rather, that he was angry about a perceived personal relationship between Waters and Pierce's girlfriend. The government did not dispute these reasons for the beatings. Rather, the government asserted that Pierce had multiple reasons for the assaults, including the gathering of information relating to search warrants executed on the homes of SOS members a few days earlier.

Pierce relies upon two Mann Act cases, United States v. Drury, 582 F.2d 1181 (8th Cir. 1978), and United States v. Ellis, 935 F.2d 385 (1st Cir. 1991), to argue that

the government must prove that the dominant intent of the act was for the criminal purpose. This court holds, however, that only one of the intentions must meet the elements of the offense. United States v. Hernandez, 986 F.2d 234, 237 (8th Cir. 1993)(upholding convictions where defendant intended to further narcotics conspiracy, although he may have had more than one purpose in making trip); see also United States v. Coyne, 4 F.3d 100, 113 (2d Cir. 1993) (in bribery and extortion case, proper to instruct jury that payments were motivated "at least in part" by unlawful purpose where defendant presented evidence that payments were based on friendship). Accordingly, we decline to disturb the district court's jury instructions on multiple intent.

## V.

Appellants assert that the government offered insufficient evidence to support their convictions. "[A] defendant's conviction must be upheld if, . . . there is substantial evidence to support the . . . verdict." United States v. Karunatileka, 820 F.2d 961, 965 (8th Cir. 1987). "The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt." United States v. Erdman, 953 F.2d 387, 389 (8th Cir. 1992). In making this determination, we review the evidence in a light most favorable to the government. Id.

We carefully reviewed the record and conclude that sufficient evidence exists in the record to support the convictions. 8th Cir. R. 47(b).

## VI.

All three appellants challenge the district court's drug quantity calculations. A criminal defendant convicted as a co-conspirator may be held accountable for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly

undertaken criminal activity, . . ." U.S.S.G. § 1B1.3(a)(1)(B). Relevant factors include the extent a defendant benefited from the co-conspirators' activities and whether the defendant demonstrated a substantial level of commitment to the conspiracy. United States v. Rice, 49 F.3d 378, 382-383 (8th Cir. 1995). The district court's calculations regarding the drug quantity used in sentencing is reviewed under the clearly erroneous standard. Id. at 382.

Fairchild asserts that some of the drugs were for personal use and were improperly calculated in his offense level. The district court, however, carefully reviewed the evidence presented and determined that "the witnesses who testified about those quantities [were] believable, and I think that they were credible witnesses whose testimony could be relied upon." Sent. Tr. at 316. We decline to disturb the district court's conclusions on appeal.

Leisinger was convicted of count 2 (conspiracy to commit racketeering activity) and count 3 (conspiracy to distribute methamphetamine). His base offense level was 32, based on involvement with at least one, but less than three, kilograms of methamphetamine. Sent.Tr. at 391-92. Leisinger challenges the district court's decision to rely on the following evidence: 198 grams attributed to Leisinger due to the testimony of Lynn Lemasters; 119 grams due to the testimony of VanBrocklin; 141 grams due to Leisinger's Pre-Sentence Report; and 226 grams due to the Pre-Sentence Report's discussion of a beating related to an alleged drug debt.

We cannot say that the district court abused its discretion. Credibility determinations, for example, are at the discretion of the district court, and its conclusions as to the credibility of a witness are "virtually unreviewable on appeal." United States v. Karam, 37 F.3d 1280, 1286 (8th Cir. 1994).

The trial court determined that Pierce's base offense level for count 3 was 26, based on an involvement with at least 100, but less than 400, grams of methampheta-

mine.  A large portion of the quantity stemmed from Pierce's involvement in taking property from VanBrocklin.  Pierce challenges the reliability of VanBrocklin's testimony that he owed Fairchild $10,000 as a drug debt and that VanBrocklin's motorcycle was taken as compensation for that debt.  The district court determined that Pierce was involved in taking VanBrocklin's property and that 226.8 grams of methamphetamine was the estimate of the amount of methamphetamine VanBrocklin would need to receive to incur this level of debt.  Again, the district court is rarely reversed on credibility determinations and we decline to do so here.[4]

## VII.

Fairchild next argues that the upward adjustment in his sentence for his role in the offense as a manager or supervisor under U.S.S.G. § 3B1.1 was improper.  We will not disturb such a determination unless it is clearly erroneous.  United States v. Atkinson, 85 F.3d 376, 378 (8th Cir. 1996).  Fairchild concedes he served as president of the Waterloo/Cedar Falls chapter of the SOS, a highly structured and hierarchical organization.  The evidence showed Fairchild was an upper level distributor of methamphetamine for his subordinates in the local chapter and controlled the supply.  After a careful review of the record, we conclude that the district court's three point upward adjustment for his role as manager or supervisor was not clearly erroneous.

## VIII.

Appellants challenge the upward adjustment imposed for possession of a weapon during the commission of the offense pursuant to U.S.S.G. § 2D1.1(b)(1).  "The adjustment should be applied if the weapon was present, unless it is clearly improbable

---

[4]This writer believes, however, that calculating prison sentences based upon drug weight often leads to excessive prison sentences, particularly in conspiracy drug cases, and provides an inaccurate measure of the offender's degree of criminality.

that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). "Just as weapons are kept at the ready to protect military installations against potential enemy attack, so too may weapons be kept at the ready to protect a drug house, thereby safeguarding and facilitating illegal transactions." United States v. Matra, 841 F.2d 837, 842 (8th Cir. 1988). Consequently, "[c]onstructive possession will suffice to justify an upward adjustment for possession of a firearm during the commission of an offense." United States v. Turpin, 920 F.2d 1377, 1386 (8th Cir. 1990). We review for clear error. United States v. Overstreet, 5 F.3d 295, 297 (8th Cir. 1993).

The record is replete with evidence of possession of firearms and other weapons by individual appellants as well as other SOS members. After a careful review of the record, we conclude that the district court did not commit clear error by applying the two level upward adjustment pursuant to § 2D1.1(b)(1) to each of the appellants.

## IX.

The trial court calculated Pierce's sentence on count 29 of the indictment, violent act in aid of racketeering, on the basis of the sentencing guideline for aggravated assault. Count 29 was related to a beating Pierce inflicted with a baseball bat and tire checker upon VanBrocklin. Pierce asserts that the district court committed impermissible double counting by adding a four level upward adjustment under U.S.S.G. § 2A2.2 for use of a dangerous weapon. Pierce argues that the character of these weapons as dangerous is already factored into the base offense level. See United States v. Hudson, 972 F.2d 504 (2d Cir. 1992).

The Eighth Circuit, however, disagrees. United States v. Dunnaway, 88 F.3d 617, 619 (8th Cir. 1996). Application of the Guidelines is reviewed de novo. United States v. Strassberger, 26 F.3d 860, 862 (8th Cir. 1994). In Dunnaway, this court acknowledged the holding in Hudson, but chose a different approach. Id. We are

bound by that decision. Accordingly, the district court did not engage in improper double counting.

## X.

Finally, appellants argue that the district court's failure to determine whether they should be sentenced pursuant to the Guidelines applicable to d-methamphetamine or l-methamphetamine requires us to remand to the district court for resentencing. The government bears the burden of establishing the type of methamphetamine involved in a particular offense. United States v. McMullen, 86 F.3d 135, (8th Cir. 1996). Because no objection was made before the district court, we review the district court's decision to consider the drugs as d-methamphetamine only for clear error. Fed.R.Crim.P. 52(b).

There were no explicit references regarding this issue at sentencing, yet the district court utilized the d-methamphetamine for its sentencing calculations. The Pre-Sentence Reports for each of the appellants, however, references two tests performed on discovered methamphetamine and both times the tests revealed d-methamphetamine. Presentence Reports at ¶¶ 136, 140. Appellants filed no objections to these reports. We cannot say that the district court committed clear error by sentencing appellants for d-methamphetamine. Accordingly, the district court's decision to sentence for d-methamphetamine is affirmed.

**CONCLUSION**

Accordingly, we affirm the district court on all issues raised by appellants for this appeal. We note that many of the claims asserted by appellants were not raised before the district court. Reversal for plain error requires a showing of manifest injustice and no such injustice appears here. The record indicates that appellants received a fair trial.

A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.