# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 98-1784SI

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Martin Wayne Stoner, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

————————

Submitted: October 15, 1998
Filed: October 21, 1998

————————

Before BOWMAN, Chief Judge, FAGG and HANSEN, Circuit Judges.

————————

PER CURIAM.

Martin Wayne Stoner appeals his drug-related convictions for conspiring to distribute and distributing methamphetamine. Stoner contends the evidence does not support his convictions. Having reviewed the record, we are satisfied sufficient evidence exists from which a reasonable jury could find Stoner guilty beyond a reasonable doubt. See United States v. Rogers, 91 F.3d 53, 57 (8th Cir. 1996). Stoner was present at two police-controlled drug deals, supplied his coconspirator with methamphetamine, and allowed his coconspirator to negotiate a drug deal from his residence. Stoner also contends the district court erroneously admitted into evidence marijuana discovered in his vehicle following his arrest. Stoner asserts the Government

used this evidence to prove his criminal disposition. See Fed. R. Evid. 404(b). We disagree. The police testified marijuana was linked with police-controlled purchases of methamphetamine, and thus the quantities of marijuana offered to undercover police officers and found in Stoner's vehicle were connected with the crimes charged and were not Rule 404(b) evidence of other crimes. See United States v. Luna, 94 F.3d 1156, 1162 (8th Cir. 1996). Additionally, the evidence would be admissible under Rule 404(b) to show Stoner's knowledge and intent to distribute drugs, and the evidence is more probative than prejudicial.

Stoner also argues the district court denied his Sixth Amendment confrontation right when the district court prevented Stoner from cross examining a Government witness about the identity of a confidential informant. Stoner concedes the Government did not have to disclose the informant's identity unless Stoner showed the evidence was material. See United States v. Sykes, 977 F.2d 1242, 1245-46 (8th Cir. 1992). Although the informant conducted a controlled buy from Stoner's residence, Stoner failed to establish materiality because the informant did not participate in the offenses for which Stoner was charged nor did the Government plan to call the informant to testify against Stoner. See United States v. Harrington, 951 F.2d 876, 878 (8th Cir. 1991). We conclude the district court did not abuse its discretion because Stoner could not show the disclosure of the informant's name would aid in Stoner's defense. See Sykes, 977 F.2d at 1245-46. Finally, Stoner should raise his ineffective assistance of counsel claim collaterally rather than on direct appeal. See United States v. Rhodenizer, 106 F.3d 222, 227 (8th Cir. 1997).

We affirm Stoner's convictions.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.