**UNITED STATES of America, Appellee,**

v.

**Barton Thomas GERMAINE, Appellant.**

No. 83–1979.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1983.

Decided Nov. 17, 1983.

---

C. Nicholas Vogel, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, N.D., for appellant.

Gary Annear, First Asst. U.S. Atty., Norman Anderson, Asst. U.S. Atty., Fargo, N.D., for appellee.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Barton Thomas Germaine was convicted of two counts of violating 18 U.S.C. § 922(h). Section 922(h) makes it unlawful for a person previously convicted of a crime punishable by imprisonment for a term exceeding one year to receive firearms shipped in interstate commerce. Germaine maintains on appeal, as he did before the district court, that a finding of guilt under section 922(h) was improper because a Nebraska court previously nullified the conviction upon which the charges under section 922(h) were based. Disagreeing with Germaine's position, the district court found that the nullification did not erase the fact of Germaine's earlier conviction and thus did not bar a finding of guilt under section 922(h). We affirm.

The parties stipulated to the following pertinent facts. In 1975, Germaine was convicted in Nebraska of possession of marijuana with intent to distribute, a crime punishable by imprisonment for a period exceeding one year. Germaine was sentenced to two years probation. Approximately a year later, Germaine petitioned the Nebraska court for discharge of his remaining probation under Neb.Rev.Stat. § 29–2263 and for an order under section 29–2264 setting aside his conviction. The Nebraska court granted both requests. Four years later, Germaine purchased a .22 caliber revolver and a .223 caliber Colt rifle, model AR–15. Although both purchases were made in Fargo, North Dakota, the guns had been shipped from Wisconsin.

The guns were subsequently seized by agents of the Federal Bureau of Alcohol, Tobacco and Firearms.

Germaine mistakenly relies on language in *Dickerson v. New Banner Institute, Inc.,* —— U.S. ——, 103 S.Ct. 986, 990, 74 L.Ed.2d 845 (1983), in which the Supreme Court stated that if the respondent had been convicted, "and that conviction somehow was rendered a nullity, respondent should not be ineligible for [firearm's dealers] licenses [under section 922[h]]." Equating the "nullity" language of *Dickerson* with the nullification provision in Neb. Rev.Stat. § 29–2264(4)(a), Germaine argues that the expunction of his record eliminates the underlying basis of his alleged violation of section 922(h). We believe, however, that this argument relies too heavily on a purely fortuitous similarity of language and that *Dickerson* in fact compels affirmance of the district court's ruling.

The Court in *Dickerson* was faced with the task of deciding whether state expunction of an individual's record following a successfully completed probation period nullified the individual's conviction for purposes of determining federal firearms disabilities under 18 U.S.C. § 922(g) and (h). After reviewing the language of the statute, its legislative history, and related federal firearms statutes, the Court concluded that expunction under state law did not operate to nullify the conviction for purposes of section 922(g) and (h). *Dickerson, supra,* 103 S.Ct. at 992–96. In the words of the Court,

> [E]xpunction does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty. Expunction * * * means no more than that the State has provided a means for the trial court not to accord a conviction certain continuing effects under state law. Clearly, firearms disabilities may be attached constitutionally to an expunged conviction * * *.

The Court further noted that to give effect to state expunctions would defeat the statutory purpose of section 922(g) and (h) be-

cause state expunction decisions generally do not turn on whether the convicted individual is fit to possess a firearm. *Id.* at 995.

*Dickerson* makes clear that state expunction of Germaine's prior conviction does not operate to expunge his record for purposes of section 922(h). We affirm the judgment of the district court.