# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3988

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Kenneth Lanell Lapsley, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 12, 2001

Filed: August 28, 2001

_____

Before BOWMAN and HEANEY, Circuit Judges, and KOPF[1], District Judge.

_____

HEANEY, Circuit Judge.

Kenneth Lapsley appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). Lapsley contends the district court improperly denied his motion to disclose the identity of a confidential informant. Because we are unable to determine whether disclosure is essential to a fair

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court, for the District of Nebraska, sitting by designation.

determination of the case, we remand to the district court for the limited purpose of conducting in camera proceedings.

I. Background

On March 14, 1995, Minneapolis police officers executed a search warrant for Adrian Riley's residence, the apartment of his mother's partnert, Kenneth Lapsley. The officers obtained the search warrant on the basis of information received from a confidential reliable informant (CRI), who told the police that Riley had committed the murder of Ronald Harris, that he possessed a number of firearms and stored them at Lapsley's apartment, and that a black .380 caliber pistol was among those firearms.[2] The officers found all of the weapons described by the CRI when they searched Lapsley's apartment; Lapsley, however, was not at home at the time. A .380 caliber pistol was found under the mattress of Lapsley's bed. Riley stated that the .380 belonged to Lapsley; Lapsley responded that it had been hidden under his mattress by

_____

[2]Officer Savior's affidavit in support of the warrant application stated that the following items of contraband would be found at Riley's residence:

> Affiant has good reason to believe, and does believe, that the following described property and things, to wit:
>
> Mossberg 410 Shotgun with pistol grip, black in color.
> Two 45 caliber pistols.
> 9mm pistol
> 40 cal. pistol
> 380 cal. pistol
> crack cocaine
> U.S. Currency
> . . .
>
> are at the premises described as 3636 Park Avenue South, downstairs.

2

Riley or another gang member without his knowledge. Lapsley was arrested on March 14, but was not charged with and convicted of possession of a firearm until five years later.

Lapsley argues that the CRI's identity and testimony must be disclosed to corroborate his defense. He asserts that the CRI was potentially the last person besides Riley to see the firearm before it was seized by the police, and would testify that Lapsley did not have constructive possession of the gun. The government argues in response that the CRI's information was merely a tip, and that Lapsley failed to show that disclosing the CRI's identity would be relevant, material, or helpful to his defense.

## II. Discussion

This court reviews the district court's refusal to require disclosure of the identity of a confidential informant for abuse of discretion. United States v. Wright, 145 F.3d 972, 975 (8th Cir. 1998). The defendant has the burden of showing that the need for disclosure outweighs the government's privilege to withhold the identity of its confidential informants. See id.; United States v. Fairchild, 122 F.3d 605, 609 (8th Cir. 1997). The defendant can satisfy his burden by showing that disclosure is "relevant and helpful" to his defense, or "essential to a fair trial," United States v. Chevre, 146 F.3d 622, 623-24 (8th Cir. 1998), and material. See United States v. Kime, 99 F.3d 870, 879 (8th Cir. 1996). The CRI must be more than a "mere tipster" to justify disclosure. See United States v. Sykes, 977 F.2d 1242, 1245-46 (8th Cir. 1992) (deciding that government need not disclose mere tipster who did not witness or participate in crime). To convict Lapsley of being a felon in possession of a firearm, the government must show beyond a reasonable doubt that 1) Lapsley has been convicted of a felony; 2) he knowingly possessed the firearm in question; and 3) the firearm has been in or affected interstate commerce. Constructive possession of a firearm is established where the suspect "has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself." United

3

States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999). The issue before us is whether the CRI's testimony is essential to Lapsley's fair trial by clarifying whether he possessed the .380 caliber pistol.

The privilege against disclosing the identity of an informer is based on public interest in effective law enforcement, but that interest must be balanced by the requirement of fundamental fairness. See Roviaro v. United States, 353 U.S. 53, 59-60 (1957); United States v. Hurse, 453 F.2d 128, 129 (8th Cir. 1972). In McCray v. Illinois, 386 U.S. 300 (1967), the Court held that the identity of an informer need not be disclosed even where the informant's information was the predicate for probable cause for a warrantless arrest. Yet, in Roviaro the Court stated that the "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law" was not absolute. 353 U.S. at 59. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61.

In response to Roviaro, several circuits have determined that where the nondisclosure of a CRI is potentially prejudicial to the defendant, the case should be remanded to the district court, where an in camera hearing can be conducted to determine whether the CRI's testimony is relevant to the case. See United States v. Moralez, 908 F.2d 565, 569 (10th Cir. 1990) (citing Gaines v. Hess, 662 F.2d 1364, 1369 (10th Cir. 1981)); United States v. Cortese, 614 F.2d 914, 921-22 (3rd Cir. 1980); United States v. Freund, 525 F.2d 873, 877 n.5 (5th Cir. 1976). Such a procedure limits the extent of the disclosure of the informant's identity and information, and protects the state's interest in avoiding unnecessary disclosure. Freund, 525 F.2d at 877.

Lapsley contends the CRI will clarify whether Lapsley possessed the .380, and resolve the contradiction in statements provided by Riley and Lapsley. The CRI

allegedly saw Riley with the .380 prior to the execution of the search warrant, and might know whether Riley and his associates had used that gun in the past, negating Riley's assertion that he did not use a gun of that caliber.

The magistrate explained that "even if the CRI would testify that Adrian Riley or someone else not only possessed but owned the .380 caliber pistol, that testimony would be irrelevant to the question of whether Defendant possessed the weapon." United States v. Lapsley, No. 99-252, slip op. at 6 (D. Minn., Apr. 28, 2000). We respectfully disagree. The record does not show that Lapsley possessed this weapon prior to the execution of the search warrant, so the only means of attaching the gun to Lapsley is by demonstrating that he had constructive possession of it. The court below determined that the placement of the gun under Lapsley's mattress was enough to prove his possession of the gun, even though there were numerous guns throughout the apartment that belonged to Riley. Lapsley believes the CRI will testify that he saw Riley with the .380 within 72 hours prior to the execution of the search warrant, thus allowing the court to infer that Lapsley did not have constructive possession of the .380. The court below should have heard the CRI's testimony before concluding that his or her testimony was irrelevant to Lapsley's defense.

The magistrate also suggests that because the CRI was not an active participant in the criminal activity, he was a "mere tipster" protected by the government's privilege of nondisclosure. Yet, the CRI is the only person who may corroborate Lapsley's defense; the five-year lapse between his arrest and indictment has resulted in the unavailability of key witnesses. In Moralez, the Tenth Circuit considered a case in which the CRI's testimony was the only testimony that could support the defendant's theory that he was not involved in the drug operation at all, but was only in the wrong place at the wrong time:

> [O]n the record before this court, we are unable to determine the degree of involvement of the confidential informant. It is distinctly possible this

5

informant was more than a mere tipster. It would appear the informant witnessed at least the preparations of the crime and saw Mr. Sanchez in possession of the truck used to transport the marijuana. Further, the informant heard statements from Mr. Sanchez regarding possession of the marijuana . . . . Conversely, we are unable to conclude from the record that disclosure is essential to a fair determination of the case. While the informant may have witnessed the preparations to the crime, he or she was not present at the service station at the time of the arrest.

908 F.2d at 568. The court remanded the case to the district court to hold an in camera proceeding to determine whether the CRI's testimony would clarify the ambiguities presented by the parties. This is the appropriate course of action here. See also United States v. Saa, 859 F.2d 1067, 1074 (2nd Cir. 1988) (finding that CRI's identity should have been revealed to resolve apparent contradiction in testimony).

Lapsley does not need to prove exactly what the CRI will say when he or she testifies; he must "establish beyond mere speculation that the informant's testimony will be material to the determination of the case." United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). We believe that Lapsley has met that burden, and that an in camera hearing is the most appropriate means of determining the relevance of the CRI's testimony. In Gaines v. Hess, 662 F.2d 1364, 1369 nn. 4-5 (10th Cir. 1981), the court explained how the lower court may proceed after conducting an in camera review:

[i]f the district court concludes that disclosure of the informant's identity is not required by due process requirements, the findings may be in terms which will protect the identity of the informant, as will the sealing of the record of the in camera proceedings. . . . If the State is ordered to afford a new trial with the informant available as a defense witness because of due process requirements, such a conditional order will permit the State to determine whether disclosure of the informant's identity should be made or whether, in the public interest, it is preferable not to do so and to dismiss the prosecution.

6

We believe this is a well-reasoned means of balancing the interests of the government against the demands of fundamental fairness.

Whether the informer's identity must be disclosed is a decision for the trial court after a proper balancing of the respective interests of the parties according to the principles set forth in <u>Roviaro</u> and its progeny. We remand to the district court to conduct an <u>in</u> <u>camera</u> review of the CRI's testimony, consistent with the principles set forth in this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.