# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3710

_____

United States of America,                     *
                                              *
                    Appellee,                 *
                                              *      Appeal from the United States
           v.                                 *      District Court for the
                                              *      District of Nebraska.
Christopher P. Sianis,                        *
                                              *
                    Appellant.                *


_____

Submitted:  October 18, 2001
     Filed:   January 7, 2002

_____

Before BOWMAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.


I.


On June 4, 1999, federal agents executed a warrant to search Christopher Sianis's residence for explosives and literature relating to the manufacture of explosive materials.  Sianis was sitting outside the residence when agents arrived. Sianis alerted agents to explosive materials that he had stored in his kitchen in a mason jar, and to two firearms located in the master bedroom--one of which agents found in Sianis's sock drawer--and to a third firearm in an adjacent bedroom.  Agents

also found ammunition in the residence. Sianis told agents that all the firearms and ammunition belonged to his wife. A grand jury indicted Sianis on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1994) (Count I), one count of being a felon in possession of an explosive that had been transported in interstate commerce (Count II), and one count of failing to register a firearm in the National Firearms Registration and Transfer Record (Count III). Sianis moved to suppress evidence obtained by the government, asserting that the evidence was obtained through improper questioning and through other conduct in violation of the Fourth Amendment. Sianis also moved to dismiss Counts II and III of the indictment, leaving the charge of being a felon in possession of a firearm intact. The district court[1] denied the motion to suppress but granted the motion to dismiss Count II. Sianis conditionally pleaded guilty to being a felon in possession of a firearm in exchange for the government withdrawing Count III, and he reserved the right to appeal the district court's rulings associated with the § 922(g)(1) felon in possession charge. In his petition to enter a guilty plea, Sianis stated that "[t]here was a gun in my sock drawer in my bedroom and I am a previously convicted felon." (Clerk's R. at 15.)

Sianis argues on appeal that the firearms in question belonged to his wife, that he merely lived in the same house in which the weapons were found, and that there was no evidence that the guns were transported in interstate commerce to him or on his behalf. He further contends that his completion of probation after his previous felony conviction in Nebraska restored his right to possess a firearm. We conclude that his arguments are without merit and affirm the findings of the district court.

II.

---

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

2

For Sianis to be convicted of being a felon in possession of a firearm, he must have been previously convicted of a crime punishable by imprisonment exceeding one year, he must have knowingly possessed a firearm, and the firearm must have been in or affected interstate commerce. United States v. Lapsley, 263 F.3d 839, 841-42 (8th Cir. 2001). "Constructive possession of the firearm is established where the suspect 'has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself.'" Id. at 842 (quoting United States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999)). Additionally, "the possession need not be exclusive, but may be joint." Ortega v. United States, Nos. 01-1168, 01-1170, 01-2106, 2001 WL 1338846, at *3 (8th Cir. Nov. 1, 2001) (internal quotations omitted).

In this case, the firearm at issue was found in a bedroom that Sianis shared with his wife, and as such, he contends that the gun belonged to her. First of all, "ownership is irrelevant to the issue of possession." United States v. Boykin, 986 F.2d 270, 274 (8th Cir.), cert. denied, 510 U.S. 888 (1993). Furthermore, the evidence suggests otherwise. Sianis led officers to the gun, which was located in one of Sianis's drawers containing only his wearing apparel. Sianis's knowledge of the location of the gun in one of his drawers sufficiently implies that he constructively possessed the gun. See Boyd, 180 F.3d at 978 ("[C]onstructive possession can be established by a showing that the firearm was seized at the defendant's residence." (internal quotations omitted)); Boykin, 986 F.2d at 274 (holding § 922(g) conviction may be based on constructive possession of firearm shown by seizure of firearm at defendant's residence). Moreover, Sianis admitted in his petition to enter a guilty plea that the gun was found in his bedroom in his sock drawer. We conclude Sianis constructively possessed the firearm.

Sianis asserts that he did not move the firearm through interstate commerce. Section 922(g) makes it a crime for convicted felons "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or

3

ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g). Sianis's involvement in how the firearm came into Nebraska is irrelevant to our inquiry. Sianis admits that the firearm at issue was manufactured outside of Nebraska. His admission is enough to satisfy § 922(g). See United States v. Carter, No. 01-1556, 2001 WL 1335118, at *2 (8th Cir. Oct. 31, 2001) ("To satisfy the interstate commerce element of § 922(g), it is sufficient that there exists 'the minimal nexus that the firearm have been, at some time, in interstate commerce.'" (quoting Scarborough v. United States, 431 U.S. 563, 575 (1977))).

Sianis also argues that his full civil rights under the Nebraska constitution were restored upon his completion of probation despite his prior felony conviction, thus making him ineligible for prosecution under§ 922(g)(1). Sianis did not raise this issue before the district court; we therefore review for plain error. See United States v. Perez, No. 00-1875, 2001 WL 1346135, at *1 (8th Cir. Oct. 31, 2001). "[A]n error not argued to the district court is grounds for reversal only if the error 'prejudices the substantial rights of the defendant and would result in a miscarriage of justice if left uncorrected.'" United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001) (quoting United States v. Fountain, 83 F.3d 946, 949 (8th Cir. 1996), cert. denied, 520 U.S. 1253 (1997)).

Under 18 U.S.C. § 921(a)(20) (1994), a prior felony conviction cannot be used as a predicate felony for purposes of § 922(g) if it has been expunged or set aside, if the person has been pardoned of the conviction, or if the person has had his civil rights restored. We have held that in order to find "that an individual is a prohibited person for purposes of firearms possession and thus criminally responsible for violation of the federal firearms statutes, we require a state to expressly exclude the possession of firearms from the restoration of civil rights." United States v. Benning, 248 F.3d 772, 776 (8th Cir.), cert. denied, 122 S. Ct. 276 (2001). In Nebraska, upon conviction of a felony, an individual loses the right to possess a weapon, including

4

a firearm, as described in Neb. Rev. Stat. § 28-1206. The mere completion of a sentence does not restore any rights lost because of the conviction, and a felon's right to possess a firearm may only be restored through the Nebraska Governor's express authorization. See Neb. Rev. Stat. § 83-1,130; Nebraska v. Illig, 467 N.W.2d 375, 384 (Neb. 1991); see also United States v. Germaine, 720 F.2d 998, 999 (8th Cir. 1983) (holding that Nebraska law that allowed for expunction of a felony did not nullify the conviction for purposes of federal firearms statute). Because we have no indication that the Nebraska Governor restored Sianis's right to possess a firearm, he was eligible for prosecution under §922(g)(1).

III.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.