# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3988

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Kenneth Lanell Lapsley, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: August 12, 2002

Filed: July 2, 2003

_____

Before BOWMAN and HEANEY, Circuit Judges, and KOPF[1], District Judge.

_____

HEANEY, Circuit Judge.

Kenneth Lapsley was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). He appealed, contending he was denied a fair trial because the district court did not order the government to disclose the identity of a confidential reliable informant (CRI). According to Lapsley, the CRI had relevant, material information, and disclosure of the CRI's identity was essential

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court, for the District of Nebraska, sitting by designation.

to Lapsley's right to a fair trial. In 2001, we remanded the matter for the district court[2] to determine if the CRI's testimony was so integral to Lapsley's defense as to overcome the government's interest in keeping the CRI's identity secret. See United States v. Lapsley, 263 F.3d 839 (8th Cir. 2001). On remand, the district court held an in camera hearing in which it extensively questioned the CRI in order to determine the CRI's knowledge of this incident. Finding that the CRI's testimony was not material on any disputed issues, the district court denied Lapsley any relief. After independently reviewing the record, including the sealed transcript of the district court's interrogation of the CRI, we agree, and thus affirm Lapsley's conviction.

We detailed much of the relevant background of this case in our earlier opinion. United States v. Lapsley, 263 F.3d 839 (8th Cir. 2001). This case developed as the result of a search warrant executed on March 14, 1995, in connection with the murder of Ronald Harris. The warrant was based on information from a CRI, who had told police that Adrian Riley and others were responsible for the murder. Lapsley, Mary Riley (Adrian's mother), and Adrian all lived together at the residence the police sought to search. According to the CRI, the residence contained a number of weapons, including a black .380 caliber pistol.

The officers found all of the weapons described by the CRI when they searched the residence. While searching Lapsley's and Mary Riley's bedroom, officers discovered a black .380 caliber handgun under the mattress of the bed. Adrian Riley told the police that the gun belonged to Lapsley. Lapsley denied the gun was his and suggested it was hidden under his mattress by Adrian or someone else without his knowledge.

---

[2]The Honorable James M. Rosenbaum, United States District Court for the District of Minnesota.

Prior to trial, Lapsley moved the district court for an order requiring the government to disclose the CRI's identity. "In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure." United States v. Wright, 145 F.3d 972, 975 (8th Cir. 1998). The court must weigh "the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." United States v. Fairchild, 122 F.3d 605, 609 (8th Cir. 1997) (quoting United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991)). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Rovario v. United States, 353 U.S. 53, 60-61 (1957).

While there is no litmus test for determining when disclosure is required, we have held that perhaps the most important factor for a court in this circumstance to consider is whether the CRI's information is material to the defense. Harrington, 951 F.2d at 877. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 878. Consequently, "disclosure is typically not required when the informant 'merely convey[s] information to the government but neither witness[es] nor participat[es] in the offense.'" United States v. Chevre, 146 F.3d 622, 623 (8th Cir. 1998) (quoting United States v. Harrington, 951 F.2d 876, 878 (8th Cir. 1991)).

Throughout the entirety of these proceedings, Lapsley has argued that the CRI's identity was essential to his defense because "the CRI was potentially the last person besides [Adrian] Riley to see the firearm before it was seized by the police, and would testify that Lapsley did not have constructive possession of the gun." Lapsley, 263 F.3d at 841. Because our record was unclear on this point, we concluded that a hearing to fully explore this point was in order. Id. at 843-44. On

remand, the district court, consistent with our instruction, conducted a lengthy interview with the CRI and reported the following information:

> At the in camera hearing, the CRI testified under oath about the murder of Ronald Harris, the guns used by the murderers, the types of guns stored at [the Lapsley/Riley residence], the location of the guns in the apartment, and the specific guns used and owned by both Mr. Riley and Mr. Lapsley. The CRI further testified that Mr. Riley's gang stockpiled weapons at the house, and that many guns regularly passed through the house . . . at any given time. Finally, the CRI testified about a chrome and black .380 pistol that belonged to Mr. Riley and that the CRI had seen in Mr. Lapsley's possession.

> The CRI was then shown a picture of the black .380 pistol at issue in this case, but could not recall ever having seen either Mr. Lapsley or Mr. Riley with an all black .380 like the one in the photo.

United States v. Lapsley, No. 99-CR-252, slip op. at 3-4 (D. Minn. Apr. 15, 2002) (determination on review). Because the CRI lacked knowledge about whether Lapsley actually or constructively possessed the gun, the district court refused to reveal the CRI's identity.

After independently reviewing the transcript of the in camera hearing, we find no error in the district court's decision. Clearly, the CRI could not have testified about whether Lapsley actually possessed the gun because the CRI did not remember ever seeing the gun before. As to constructive possession, again, the CRI could not have given material testimony about a gun that the CRI had never seen.[3] Although Lapsley now argues that other aspects of the CRI's testimony may have cast doubts on the truthfulness of other prosecution witnesses, we do not believe that the

---

[3]If anything, the hearing revealed that the CRI would have been an adverse witness to the defense: the CRI testified unequivocally that Lapsley had indeed been in possession of a .380 caliber pistol, albeit a silver and black one.

inconsistencies were so widespread or material as to undermine our confidence in the trial's result.  Thus, we affirm the conviction.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.