SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.
Jeffrey McDaniel appeals from a judgment of conviction entered on April 13, 2005, sentencing him to a term of 72 months’ imprisonment, to be followed by three years’ supervised release, and a mandatory $100 special assessment. Following a twelve-day trial, a jury convicted McDaniel of one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). We assume the parties’ familiarity with the facts, the relevant procedural history, and the specification of issues on appeal.

Sufficiency of the Evidence

McDaniel argues that the evidence adduced by the government at trial was insufficient to sustain the jury’s verdict. We review de novo a sufficiency of the evidence challenge. United States v. Reyes, 302 F.3d 48, 52-53 (2d Cir.2002). A defendant seeking to reverse a conviction on insufficiency grounds bears the “heavy burden” of showing that, viewing the evidence presented at trial in the light most favorable to the government, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Xiao Qin Zhou, 428 F.3d 361, 369-70 (2d Cir.2005).
McDaniel contends that the “only reasonable view of the [gjovernment’s evidence at trial was that [the firearm] belonged to Jason Johnson,” McDaniel’s step-brother. Appellant’s Br. at 19. Johnson’s ownership of the weapon is ir *458 relevant to the question of whether McDaniel actually possessed the firearm. See United States v. Dhinsa, 243 F.3d 635, 677 (2d Cir.2001) (“It is of no moment that other individuals also may have exercised control over the weapons.”); see also United States v. Sianis, 275 F.3d 731, 734 (8th Cir.2002) (holding that it was “irrelevant” that defendant’s wife actually owned the firearm). The government may satisfy the possession element of section 922(g)(1) by showing that the defendant either physically possessed the firearm or had “the power and intention to exercise dominion and control over” the weapon. United States v. Gaines, 295 F.3d 293, 300 (2d Cir.2002) (quoting United States v. Payton, 159 F.3d 49, 55-56 (2d Cir.1998)).
The testimony by the government’s witness, Clevon Edge, that McDaniel showed him the firearm and magazine was sufficient to support an inference that McDaniel had handled the weapon. From this testimony, a rational juror could have concluded that McDaniel physically possessed the firearm. See Gaines, 295 F.3d at 300 (holding that videotape evidence showing defendant holding a firearm in his hand “was sufficient to allow a jury to find actual possession, however briefly it occurred”). McDaniel’s fingerprint on the weapon’s magazine and Edge’s correct and detailed description of the unusual firearm further support the inference that McDaniel physically handled the weapon. Accordingly, we decline to set aside the jury’s verdict as irrational.

Sentencing

McDaniel claims that his sentence of 72 months is unreasonable in two respects. First, he argues that the District Court unreasonably denied him a downward departure under Guidelines 5K2.0 and 5K1.6, based on his family circumstances. “An error in determining ... the availability of departure authority would be the type of procedural error that could render a sentence unreasonable under [United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)],” United States v. Selioutsky, 409 F.3d 114, 118 (2d Cir.2005). However, the denial of a defendant’s request for discretionary downward departure is generally not appealable, see United States v. Gonzalez, 281 F.3d 38, 42 (2d Cir.2002), and Booker did not alter this rule, see United States v. Valdez, 426 F.3d 178, 184 (2d Cir.2005) (applying the preBooker rule that “a refusal to downwardly depart is generally not appealable”). Absent “clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority,” we presume that district courts are aware of their authority to depart downward under the Guidelines. Gonzalez, 281 F.3d at 42 (internal quotations marks omitted). We will, however, continue to review whether “a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.” Valdez, 426 F.3d at 184.
There is no doubt that the District Court fully understood its authority to depart from the Guidelines. The District Court stated on the record that it had the authority to depart and explicitly considered the appropriate Guidelines. As there is no evidence suggesting that the District Court misapprehended its authority to depart, we decline to review the District Court’s decision not to depart downwardly from the applicable Guideline range.
McDaniel’s second argument is that his sentence is substantively unreasonable because of the disparity between his sentence of 72 months and the sentence he would have received had he been prosecuted by New York State authorities for illegally possessing a weapon. See N.Y. Penal L. § 265.01(4) (possession of a weapon by a convicted felon in the fourth degree). Even assuming that McDaniel is *459 correct and the District Court could have considered this type of disparity in its reasonableness analysis, we conclude that his sentence is reasonable in light of the other factors listed in 18 U.S.C. § 3558(a).
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.