# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3806

_____

Abu Bakr Ladd,

       Appellant,

    v.

James Martin, U.S. Attorney; Scott
McKelvey, U.S. Attorney; Joseph
Mokwa, U.S. Attorney; Michael
Nicholson, U.S. Attorney; Robert
Ogilvie, U.S. Attorney,

       Defendants,

Jeffrey Pickering, Detective,

       Appellee,

Michael Ramos, U.S. Attorney; Ronnie
Robinson, U.S. Attorney; Carlos Ross,
U.S. Attorney; Francis G. Slay, U.S.
Attorney; St. Louis Board of
Commissioners, U.S. Attorney;
Clifford States, U.S. Attorney; John
Ware, U.S. Attorney,

       Defendants.

Appeal from the United States
District Court for the
Eastern District of Missouri.

[UNPUBLISHED]

_____

Submitted: July 7, 2009
Filed:  August 3, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.
_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Abu Ladd appeals the denial of his motion to compel and the grant of summary judgment in favor of Jeffrey Pickering. Upon careful review of the record and the parties' arguments on appeal, we reverse the grant of summary judgment, we reverse in part the denial of the motion to compel, and we remand to the district court to conduct in camera proceedings.

The privilege against disclosing the identity of a confidential informant (CI) is based on public interest in effective law enforcement, but that interest must be balanced by the requirement of fundamental fairness. U.S. v. Lapsley, 263 F.3d 839, 842 (8th Cir. 2001); Roviaro v. United States, 353 U.S. 53, 59-60 (1957). Where the disclosure of a CI's identity, or of the contents of the CI's communication "is essential to the fair determination of a cause, the privilege must give way." Roviaro, 353 U.S. at 60-61. In a civil case, the determination of whether a CI's identity is "essential" is a question of law, and must be determined by balancing the plaintiff's need for the information with the defendant's interest in non-disclosure. Id. at 62. An in camera review is the appropriate means for the district court to determine whether the CI's identity and communications are essential to Ladd's claim, while protecting the state's interest in avoiding unnecessary disclosure of the CI's identity. Westcott v. Crinklaw, 68 F.3d 1073, 1078-79 (8th Cir. 1995).

On remand, we instruct the district court to order Pickering to produce for in camera review documentary evidence, if available, of (1) the identity of the confidential informant and (2) any alleged conversations between the informant and Pickering concerning Ladd. The district court is instructed to examine the documents to determine whether the CI's identity and the content of the CI's communications are essential to Ladd's § 1983 claim against Pickering and the police department. We

affirm the denial of the motion to compel in all other respects, but we vacate the grant of summary judgment in light of our remand. Cf. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5, 255 (1986) (noting that summary judgment should be denied where nonmoving party has not had opportunity to discover information essential to his opposition; in ruling on summary judgment motion, all justifiable inferences are to be drawn in favor of nonmoving party).

———————————————————