# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1687

_____

United States of America

*Plaintiff - Appellee*

v.

Darwin Zoch

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: October 30, 2012
Filed: November 5, 2012
[Unpublished]

_____

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After a jury found Darwin Zoch guilty of being a felon in possession of a firearm, the district court[1] sentenced him as an armed career criminal (ACC) to 180

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

months in prison and 5 years of supervised release.  See 18 U.S.C. §§ 922(g)(1) and 924(e).  On appeal, Zoch's counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence and the ACC determination.

The parties stipulated that Zoch had been convicted of one or more crimes punishable by imprisonment for a term exceeding one year, and that the firearms and ammunition in question traveled in interstate commerce prior to February 2010, when a warrant search of Zoch's residence discovered the firearms and ammunition in Zoch's bedroom and in other areas of his residence.  This evidence, along with other testimony about Zoch's handling of firearms for purposes such as hunting and target shooting, was sufficient.  See United States v. Brown, 422 F.3d 689, 691-92 (8th Cir. 2005) (elements to be proved for felon-in-possession conviction); United States v. Sianis, 275 F.3d 731, 733-34 (8th Cir. 2002) (constructive possession is established when defendant has dominion over premises where firearm is located).  We also conclude that Zoch was correctly found to be subject to the ACC's fifteen-year minimum sentence, which does not contain a time limit for predicate offenses.  See United States v. Rodriguez, 612 F.3d 1049, 1056-57 (8th Cir. 2010) (rejecting due process challenge to ACC minimum sentence because two predicate offenses were twenty years old).  Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

We affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____