# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-2177

_____

United States of America

*Plaintiff - Appellee*

v.

Jason Harriman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: November 7, 2012
Filed: November 9, 2012
[Unpublished]

_____

Before BYE, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jason Harriman appeals the district court's[1] judgment, entered upon a jury verdict, finding him guilty of two counts of being a felon in possession of a firearm,

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and sentencing him to a total of 180 months in prison and 3 years of supervised release. Harriman's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Harriman has filed a pro se supplemental brief. For the reasons that follow, we affirm.

The evidence at the January 2011 jury trial established that law enforcement officials arrested Harriman and searched his home on September 28, 2009, and found in a box on the back porch a Ruger .22-caliber rifle, the same rifle that Harriman had won in a raffle at a charitable event months earlier. Although Harriman had made arrangements with his brother to pick up the rifle and store it until Harriman's son was old enough to receive it as a gift, Harriman's brother had at some point brought it to Harriman's residence and left it there at Harriman's request. The following month, after asking a friend to help him acquire a handgun, Harriman purchased a Glock .40-caliber pistol from an undercover law enforcement officer on October 25, 2009. The parties stipulated that, during the relevant time, Harriman had been convicted of felony crimes punishable by imprisonment for a term exceeding 1 year, and that both firearms had been transported in interstate commerce. This evidence, viewed in the light most favorable to the government, was sufficient to convict Harriman of both felon-in-possession counts. *See United States v. Spears*, 454 F.3d 830, 832 (8th Cir. 2006) (standard of review for sufficiency of evidence after jury trial); *United States v. Brown*, 422 F.3d 689, 691-92 (8th Cir. 2005) (felon-in-possession conviction requires proof beyond reasonable doubt that defendant had previously been convicted of crime punishable by term of imprisonment exceeding 1 year, that he knowingly possessed firearm, and that firearm had been in or had affected interstate commerce); *United States v. Sianis*, 275 F.3d 731, 733-34 (8th Cir. 2002) (constructive possession of firearm is established where defendant has dominion over premises where firearm is located, or has control, ownership, or dominion over firearm itself; possession need not be exclusive). We also conclude that government counsel's questions during cross-examination and statements during closing argument, to the extent they were improper, did not warrant a mistrial. *See*

*United States v. Beeks*, 224 F.3d 741, 745 (8th Cir. 2000) (prosecutorial misconduct is grounds for mistrial where remarks are improper and prejudicially affect defendant's substantial rights so as to deprive him of fair trial; to determine whether defendant was deprived of fair trial, reviewing court considers cumulative effect of misconduct, strength of properly admitted evidence, and curative actions taken by district court).

Harriman's pro se arguments that he was denied his right to a speedy trial and to present an entrapment defense, and his challenges to the district court's jurisdiction, his arrest, the search of his home, his pretrial detention, his access to discovery, and to evidentiary rulings, are all either unpreserved, meritless, or moot. In addition, the record is not sufficiently developed to permit review of any claim of ineffective assistance of counsel. *See United States v. Thompson*, 690 F.3d 977, 992-93 (8th Cir. 2012).

In reviewing the sentence imposed, this court must first ensure that the district court committed no significant procedural error, and then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Following a two-day sentencing hearing, the district court found insufficient evidence to sustain the government's request for an enhancement based on Harriman's purported intent to use the pistol he possessed to murder his ex-wife. The court otherwise adopted the presentence report's Guidelines calculations; applied enhancements for Harriman's aggravating role and obstruction of justice; calculated a Guidelines imprisonment range of 100-120 months, as capped by the statutory maximum; considered the 18 U.S.C. § 3553(a) sentencing factors; and found that Harriman's criminal history score did not reflect the seriousness of his past criminal conduct, or the likelihood that he would commit further crimes in the future, and that he was a danger to the community. The court sentenced Harriman to a prison term of 120 months on each count of conviction, with 60 months of the term imposed on the second count to be served consecutively to the term imposed on the

first count, for a total of 180 months in prison; and 3 years of supervised release. Assuming without deciding that application of the role enhancement based on Harriman's enlisting his brother to help him acquire the rifle was improper, *see* U.S.S.G. § 3B1.1, comment. (nn. 1-2) (requirement of either multiple participants, or management responsibility over criminal organization; person who is not criminally responsible for offense is not participant), we find no plain error, or reasonable probability that Harriman would have received a lighter sentence but for the error. *See United States v. Olano*, 507 U.S. 725, 733-35 (1993); *United States v. Richart*, 662 F.3d 1037, 1046-47 (8th Cir. 2011) (concluding that any error in applying § 3B1.1(c) enhancement was harmless, in part because--in listing its reasons for departing upward from Guidelines range--district court did not include any reference to defendant's leadership role), *cert. denied*, 132 S. Ct. 1942 (2012); *United States v. Molnar*, 590 F.3d 912, 914-15 (8th Cir. 2010) (in sentencing context, error is prejudicial only if defendant proves reasonable probability that he would have received lighter sentence but for error).

We have reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), including Harriman's remaining pro se sentencing arguments, and we have found no nonfrivolous issues.

The judgment of the district court is affirmed, and counsel is granted leave to withdraw.

_____