# IN THE COURT OF APPEALS OF IOWA

No. 17-1572
Filed September 26, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**VICTOR VILLARREAL,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Plymouth County, Jeffrey L. Poulson, Judge.

Villareal Villarreal challenges the sufficiency of evidence supporting his criminal convictions. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

Following a trial to the bench, Victor Villareal was convicted of unauthorized possession of an offensive weapon, in violation of Iowa Code section 724.3 (2017), two counts of trafficking in stolen weapons, in violation of Iowa Code section 724.16A(1)(a), and six counts of possession of a firearm by a felon, in violation of Iowa Code section 724.26(1). On appeal, the defendant contends there was insufficient evidence to support the convictions. Specifically, he contends there was insufficient evidence to prove he had possession of the firearms found in his home.

On substantial evidence review, we conclude the convictions are supported by sufficient evidence. *See State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013) ("In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence."); *State v. Sanford*, 814 N.W.2d 611, 615 (2012) ("Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt."). Here, the police found six firearms in the basement of Villareal's home while executing a search warrant of the home. They found Villareal's wallet, identification, and debit card on the basement floor near a black rifle case. There were three persons present in the home in addition to Villareal at the time the police executed the warrant. However, Villareal was the sole lessee of the home. After the police arrested Villareal and transported him to the county jail, Villareal made two telephone calls. In the first phone call, Villareal acknowledged the weapons

were his, he was in trouble, and he was "gonna be doing some time." In the second phone call, Villareal recounted what happened and stated the police found seven firearms in the home. The phone calls were recorded, and the police listened to the phone calls at a later date. After listening to the phone calls, the police realized they had seized only six firearms from Villareal's home. After realizing this, the police returned to Villareal's home, searched it a second time, and found a seventh firearm in a cubby hole in the basement. Villareal's expression of knowledge of the particular number of weapons in the home when combined with the fact the weapons were found in close proximity to his personal effects and in the home of which he was the exclusive lessee is sufficient evidence to establish knowledge and control of the firearms and, therefore, possession of the same. *See State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016) (stating possession may be inferred when contraband is found on property in the defendant's exclusive possession); *see also United States v. Sianis*, 275 F.3d 731, 733–34 (8th Cir. 2002) (stating constructive possession is established where defendant has dominion over premises where firearm is located).

We affirm the defendant's convictions without further opinion.

**AFFIRMED.**